AMEDO DE VIVO AND ELIZABETH DE VIVO, HIS WIFE, PLAINTIFFS-APPELLANTS, v. JOHNNY SIMPKSON, JR. AND EDITH ASKEN, A/K/A EDITH ASKEW, DEFEND-ANTS, AND JUNE STRELECKI, DIRECTOR OF MOTOR VEHICLES OF THE STATE OF NEW JERSEY, DEFEND-ANT-RESPONDENT.

Argued January 8, 1968——Decided January 22, 1968.

Mr. *Michael D. Varbalow* for appellants (*Mr. Michael N. Kouvatas,* attorney).

Mr. *James J. Casby, Jr.,* for respondent.

On appeal from a judgment of the Superior Court, Appellate Division, where the following opinion was filed:

"PER CURIAM. Plaintiffs appeal from the dismissal of their amended complaint against the Director of Motor Vehicles brought under the 'hit and run' section of the Motor Vehicle Act.

The record shows that following the accident the identity of the driver and the registered owner of the other vehicle were ascertained. Suit was originally commenced against these persons. However, attempted service upon them through the Director of Motor Vehicles failed because registered letters, sent to the addresses shown on the driver's license and registration, enclosing copies of the summons and complaint were returned undelivered. See *Zander v. Martine,* 66 *N. J. Super.* 310 (*Cty. Ct.* 1961). Diligent efforts to ascertain the whereabouts of the named defendants proved fruitless.

About eleven months after the accident, plaintiffs filed a notice of intention to make a claim with the Unsatisfied Claim and Judgment Fund Board. Thereafter, the aforesaid amended complaint against the Director was filed.

■ We agree with the trial court that plaintiffs' problem involved the whereabouts of the persons involved rather than their identity and that the 'hit and run' (*N. J. S. A.* 39 :6–78, 79) section of the Motor Vehicle Act was inapplicable to this situation.

■ It is undisputed that plaintiffs failed to comply with the ninety-day notice provision of the Statute. As noted by the trial court, this would be an additional bar to plaintiffs' suit against the Director. *Schlenger v. Conti,* 47 *N. J. Super.* 566 (*App. Div.* 1957). Nor is there any substance to the contention that the injured plaintiff's physical condition rendered her physically incapable of giving notice within ninety days. She was initially released from the hospital less than three weeks after the accident. At about the same time the original suit herein was filed. Manifestly, the failure to notify the Fund was not due to physical incapacity on the part of the injured plaintiff.

Affirmed."

PER CURIAM. The judgment is affirmed for the reasons expressed in the Per Curiam opinion of the Appellate Division.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO, and HANEMAN—7.